So we'll try this again. Welcome to the 11th Circuit. We're going to be hearing four cases today. This is our last day of this oral argument sitting. And just before we get started, just as a housekeeping matter, I'm sure that a lot of you are very familiar with how we run oral argument here and the traffic light system that we use. But for those of you who are new to this, you will see there's a green light that will happen that will go on as soon as you start your argument. When you have two minutes left, it will switch to yellow, which means you should start thinking about wrapping up your argument. When it gets to red, unless we say that you can continue longer past that time, what the red light means, finish your sentence, not finish a new issue. So anyway, with that, our first case is Dustin Lee McLellan v. United States of America 22-13589. Ms. Hodge, it looks like you've reserved some time for rebuttal. You may proceed. Good morning, Your Honors, and may it please the Court. Sakina Hodge for Petitioner Appellant Dustin McLellan. The government concedes that this case should be remanded to the District Court. The government disputes only the scope of the remand. This case should be remanded for any of three reasons. First, the District Court violated TWISBY by failing to address McLellan's constitutional claim that the District Court's alternative sentence, which was the only sentence this Court considered on direct appeal, contravened due process. Second, the Court failed to expressly analyze which claims in McLellan's untimely habeas filings related back to his timely filings. And third, the Court did not address several claims that the government itself concedes related back. Can I ask about the second issue first? Yes, Your Honor. So it seems to me, here's how I read the District Court's order and tell me if I'm missing something. What the District Court said, and I will concede it probably isn't the best way to go about doing this, said, listen, there are three documents that are clearly untimely. I recognize and understand the rule of relation back and Rule 15 and how it interplays with the habeas petitions. And to the extent the petitions are untimely, they're untimely. But to the extent they relate back, I will address them. And then goes on to, for another 10 or 15 pages, addressing claims. Isn't that a pretty good indication that there was not sort of a blanket, I don't understand, I'm not doing it, it's all untimely, and the District Court did take an individualistic approach to relation back? Sure, Your Honor. So there are two guiding principles here that this court should think about. The District Court should have developed a meaningful record for appellate review and followed a show your work approach. Now here, the District Court, as you said, said, you know, I've considered relation back and if I didn't address something, then it's not considered. It also had other implicit holdings. For example, if something's on in the reply or something shows up in the reply for the first time, it's waived. If something's a guidelines issue, I'm not going to consider it. So it's not really clear. I mean, there are a lot of things that haven't been addressed. Help me out on this, right? The way I see it is claim by claim. You're saying he should have done it claim by claim. Let's look at claim by claim. One claim, right, the government agrees should be remanded. Four, right? Two out of the five that we've identified. I'm going to start with one first. Claim four, right? Consideration of the need to avoid sentencing disparity should be remanded and the government agrees, right? Yes, Your Honor. So you check that one off. You win that one. You've convinced your opponent.  So that takes care of it. Now, the other one, it seems like the parties agree on claim five also, right? The ineffective assistance of counsel, I don't understand the government to agree on that one. Of course, we think you should remand on that one, too. I'll take it.  Okay. But you said on two. Which is the other claim? See, I like to kind of divide it claim by claim. Claim one is the one they also didn't quite as explicitly concede, but said that it related back, right? Yes, that's right. Okay. Yes, that's the, he did not get an opportunity to defend against the upward departure. So they concede that one. They also concede the sentencing disparities claim. I also understand them to concede the correct guidelines range and downward departure. They agree that it relates back. They only— They just say it's addressed. Yes, that's right. Well, that gets to the footnote four, and you made reference to it. So, again, you know, you're certainly right that the rule requires meaningful appellate review, but it doesn't require clarity. It doesn't prohibit implicit findings and holdings and decisions, and it certainly doesn't require explication. And it seems to me that footnote four, whether correct or not, whether I agree with it or not, simply says that sentencing guideline issues, that's the exact term it uses, are not viable, that's the term it uses, under section 2255. And that would seem to cover things called departures, would it not? Your Honor, the claim that is raised here is not that the guidelines were applied incorrectly or that a downward departure was not considered properly. It's that the guidelines were not applied at all. A downward departure was not considered at all. And the claim is a due process claim, that the failure to do all of that and in fact depart upward from what would have been the correct range had one been calculated was a violation of due process. That certainly is what you are saying now the claim is. My question to you, though, is the term sentencing guideline issue seems to cover a lot of things. It certainly covers the first thing you said, which is this was incorrectly applied. But it would seem to cover issues, anything that went to the calculation or consideration of the sentencing guidelines, including a sentencing guideline departure, right? Your Honor, there was no calculation here. There was no, there has, I mean, that's a sentencing guideline issue, right? If the issue is on appeal, let's say this was a direct appeal, and you said the court is required to do a calculation of the guidelines, that's a sentencing guideline error. We would say that's a sentencing guideline issue on direct appeal. We wouldn't have all the viability issues that we have now, but that is a sentencing guideline issue. I just don't see how just because you say the word due process in front of it that somehow it changes it from a sentencing guideline issue broadly understood to something very, very different. Your Honor, this has to proceed on a claim by claim basis. I mean, the claim is not the guidelines were wrong, wrongly done. When the claim is my right to due process was violated because there was no guidelines calculation. Clisby requires that. It certainly is the better, we've said it's the better way to do things. I would recommend to district judges that they do it on a claim by claim basis. It certainly makes our job easier, it makes your job easier, and frankly probably would have obviated this appeal in some ways. But I don't know that Clisby says, which is already on thin ground, says that you must do a claim by claim rule. It simply says that you have to make a ruling that is meaningfully reviewed, able to be reviewed on appeal. And here, whether right or wrong, that footnote, while broad, seems to cover any error that would go towards a sentencing guideline issue. Let me ask you about one of the relation back, and one of the ones that Judge Moreno asked you about, which is Claim 5. So as I understand the relation back rule, as long as there's sort of, you know, in 1367 land we call it common nucleus of operative facts, but as long as there's like some sort of common facts that underlay it, you can make a variation of a claim that you made originally. Tell me what the original claim was that went to the ineffective assistance that you're saying related back, and what's here and what the common facts were regarding those. Sure. So in his original filing, he sets out what we've just been discussing, that the guidelines were never correctly calculated, there was no downward departure, and there was in fact an upward departure. And he also alludes, or he does, and then he expressly also says an ineffective assistance of counsel claim with respect to trial counsel, but it's with a separate issue. And he also alludes to an ineffective assistance of counsel claim. The government understood it as such in their response brief below. Then in his later filing, the one that this court asked about, he adds, he says, you know, alternative sentence problems that he mentions in his first filing. So the core of operative facts is there from the start, and there's, the court is also on notice that he's complaining about how I did things, he's also complaining about how his appellate and trial counsel did things. Are you suggesting that by simply mentioning ineffective assistance of counsel in the first claim that that therefore covers all ineffective assistance of counsel issues for relation back purposes? Not at all, Your Honor. The core of, the core facts that are important to that claim are the failure to consider, calculate the guidelines and the downward and upward departure things. Those are the facts that are present in the first filing. Are you suggesting that by mentioning the failure to calculate guidelines in the first instance is going to then bring in an ineffective assistance of counsel claim related to that same thing? So the later filing says my counsel was ineffective for objecting to those things while they happened at sentencing. Not objecting. For not objecting, that's right. And he's also— You would concede that an ineffective assistance of counsel claim is separate and apart from the guidelines issue on the merits, right? I agree that it's a separate claim, but the facts that are relevant for that claim are there from the start, and what relation back requires is a core of operative facts to be there from, to be common between the two pleadings. But is that really true? And if you're just looking at the failure to calculate guidelines in the first place, you're looking at what the district court failed to do. An ineffective assistance of counsel claim on that same issue is looking at what counsel failed to do. That's right, and that goes to the kind of notice idea that the government alludes to in their brief. But here the court was on notice that he's also complaining about how his counsel appellate and trial have done things. Now, he didn't necessarily in the first filing join those things specifically to the alternative sentence in the counsel. The later filing says, like, I'm specifically complaining about how counsel acted with respect to these facts that I laid out in my first filing. So there's—as we see, there's no notice problem, and the facts are common here as well, and so that claim relates back and should have been addressed by the district court. Can we move on to Claim 3 on mitigating evidence, that your client had no opportunity to present mitigating evidence? How does that relate back? That one, Your Honor, in the first filing, he says—he mentions things that could have lessened his sentence and were not considered by the court, and later he says this is one  But the complaint is really not on mitigating. It's on aggravating. In other words, the original—as I read the original filing, it's that the district court in its sentencing improperly considered the fight that happened at the county jail that aggravated his sentence, not—if you could point me to it, show me—but not that I wanted to offer mitigation of myself that was not considered by the district court. Well, in the first filing, he says, first, that there should have been a downward departure, so there should have been something allowed that would have lessened, and then he also, with respect to the upward departure, does say, like, I should have gotten a chance to, like, explain what—or that the court got the facts wrong, and I should have gotten a chance to explain about it. The problem is mitigation—and this gets to the keen issue—mitigation goes to the 3553A factors, which are separate and apart from departures, which are guideline-based and frankly are carved out from sort of general mitigation outside of there. And so those seem to be different things if we're talking about I wanted to ask for a specific departure versus I wanted to present mitigation for a lower sentence under 3553A, right? Sure, Your Honor. But from the start, he's also saying, you know, the 3553A sentence, the alternative sentence, was never done correctly to begin with. And so had he been given an opportunity to explain, you know, why the upward departure facts were wrong and all of that, his sentence would have been mitigated. And so he's just saying he never got that opportunity in advance. Yeah, but those are different things that you shouldn't have considered something aggravating so my sentence would be lower versus I had mitigation that I wanted to present to the court so it would lower my sentence. Those seem to me to be two different things. Am I missing something? Your Honor, in his first filing, he's saying the sentence should have been lower for downward departure reasons, wrong upward departure. In the later filing, he's saying, you know, one extra thing that would have lessened his sentence. Yeah, but that matters for the core facts. Because if the core fact was before, going back to your last example, if filing one timely said the district court improperly did not consider my mitigating evidence, and in filing two said my counsel was ineffective for not presenting the mitigating evidence or pushing it or objecting to the trial court not considering it, those would be core facts. But these seem to be a little not core. That creates the relation back issue. Sorry, I went over time.  I see my time is up. If I can just briefly respond. Respond. Your Honor, the facts he would have presented are there in the first filing. Later, he just says he didn't get an opportunity to present those, and so that is what we see as the new claim that should relate back to the facts in the initial filing. Thank you. You have three minutes for rebuttal. Mr. Gray. Good morning, and may it please the Court. Scott Gray for the United States of America. This appeal is difficult, not necessarily because of how the district court resolved these issues, but because of Dustin McClellan's hodgepodge of pro se pleadings that spanned multiple years. I have sympathy on both sides. I'm not here to criticize the district court, and I'm not here to criticize the pro se prisoner in this case. I think there's blame to go around, and there's sympathy to go around. So, if I could, I'm unclear on what we're calling Claim 1 for the relation back issue. It seems to me that the government concedes it, but it doesn't do so with the verb that it does with regard to Claim 4. Can you maybe state the position more clearly here? Does the government concede that A, Claim 1 does relate back, and B, that the district court did not address it such that we need to remand? So the way I read the concession is that the United States is acknowledging as a fallback position. So, if I could step back briefly, the United States' concessions here, as I understand, are a fallback, which are essentially, insofar as the court is going to indulge McClellan's current formulation of these issues, and insofar as the court is going to construe the amendment to raise these issues, these are the claims that may relate back and how. And the way- Can you show me? I mean, I have the brief right in front of me. Can you show me where it just articulated it with such eloquence that you did right there? So the- and I can't remember the page, but the United States cites to Access Now and talks about the fact that the court should not construe from whole cloth a claim that the litigant didn't press to the district court. I don't know that the brief presented it as clearly as I did in that moment, but there was a clear citation, and it was addressed in the reply brief. So the way that this is phrased here is there is, to the extent McClellan failed to argue relation back in the district court, the court should consider the issue waived citing Access Now. But then you get to the breakdown of the five claims. There's no dispute that these five claims- in other words, I don't see anywhere where it says he has characterized these, but that's not actually what's in the pleadings. What is written here at the same page is, McClellan has identified five claims he contends relate black to his timely file pro se pleading. Each claim is addressed in the order McClellan presented them in his initial brief, and then you go through one, and at the end of that section on the first one of those, the last paragraph it says, the United States agrees that the amended claims relate back to the extent McClellan contests his original sentencing. The original amended claims are based on the same core operative facts, namely that the county jail and sentencing. It doesn't relate back to this other portion, though. That seems like a concession, doesn't it? Ultimately, Your Honor, I'm not going to walk wholly away from the brief, but I am going to try to put a finer point on the brief of I do believe it raises that threshold issue because McClellan doesn't assert relation back at all before the district court. McClellan presents Docket Entry 166 as essentially a hodgepodge of several dozen- Doesn't he file a motion to amend in April? Yes, Your Honor. And didn't the district court in its order clearly state the motion to amend is untimely, but I acknowledge the relation back doctrine. I cite the correct Supreme Court case on it. I cite the exact rule on it, and to the extent these claims relate back, I am going to address them. I read it. The district court said that it's going to consider the arguments to the extent that they relate back. What I think the district court likely did is the district court said, okay, there's this other body of claims asserted in the other pleadings, the original pleading and then the addendum, and then insofar as there are arguments in these pleadings that clearly relate to those, I'm going to consider them sort of in the nature of a surreply. But the court notes relation back because relation back certainly is a doctrine that exists. Counsel, A, I'm not sure that reading helps you because I think that feeds into your opposing counsel's argument that the district court sort of just wholesale rejected all of this, so I'm not sure that helps you. But if you look at what the district court actually did, this is on page five of its order, and I'm looking at docket entry 169. As mentioned, Supra, a criminal defendant, has one year to file a section 2255 habeas petition after their conviction becomes final. Federal rule of civil procedure 515C, which has been made applicable to habeas, provides that a pleading amendment made after the statute is run relate back to the original pleading if the original and amended rises out of the conduct, occurrence, or transaction. New claim only relates back if it's tied to the core facts, exactly what we've been talking about here. It must have in common the timely filed claim. Then it goes through and it cites extensively from the law in this area with regard to equitable exceptions. And then it says here the motion for addendum to add grounds and to amend, the exact thing we're talking about here, were filed after the one year. He's not entitled to equitable tolling as he failed to show extraordinary circumstances accordingly. The court will consider the arguments raised in these motions only to the extent they relate back to the grounds originally raised. In McClellan's timely motion, moreover, the court will not consider any new grounds raised in the untimely motions. That seems to be A, a recognition of what the rule is, B, that he sought motion to amend under Rule 15, C, what the law is regarding Rule 15, and D, a statement that to the extent they relate back, it was going to address them. And then if you look, some claims are only addressed in the amendment. So we know that that's what the district court did, right? But I think the last sentence that Your Honor read, I'm not going to consider new grounds raised in these amended pleadings, is a recognition that it needed to have some clear relationship to the original. That's right. And so your opposing counsel has identified five claims that were in the amendment and has said, these five relate back to you, at least on brief, whoever wrote this thing, not you, appeared to concede that at least two of them related back, happen to agree with both of those concessions, and as to the other three, contested. And I thought that's what we're here about. Am I missing something? We certainly can talk about those claims. I think the United States' position is that the remand on these two claims is the sort of worst-case scenario, that that's the ultimate issue. But there is a threshold question of can the defendant argue for relation back broader than the district court found for the first time on appeal when the defendant did not make those arguments to the district court in the first instance. And there's also the first CLSBI issue, which I know we've gone straight to relation back, but I do want to make clear that if there is any remand in this case, it should ultimately be on the amendment issue, not on the CLSBI issue, because the district court did address in two different ways the original ground. Can I ask you something before we get there? I do want, I'm happy to talk about that, but is it not just easier for us if we are remanding back because of a concession that apparently doesn't exist anymore and an agreement with to not just say, hey, to the extent this was implicit or not explicit, can you go ahead and make this explicit? Is there any harm in that? I do believe there's harm, Your Honor, because CLSBI and relation back shouldn't conflate. And the original ground in the original pleading, it's docket entry 136, page 5, doesn't say anything about due process, doesn't clearly recognize the Keene statement. It is unclear whether it is raising a departure issue with respect to the initial sentencing or to the amended judgment, what McClellan is calling a resentencing. And then when the court looks at the reply brief, it's docket entry 154, page 1, the only reference to due process I saw there was a reference to what he then calls the resentencing proceeding. So the district court does construe that allegation liberally and says, well, on pages 8 and 9 of its order, there is no attendance right in this altogether. We have an order from our court, and that order laid out the issues that were in fact raised below. That order was signed by one of our colleagues, and the order starts off that the original motion and addendum raised these nine claims, 1 through 9. One of them is the very claim we're talking about, that the ACCA unconstitutionally barred the sentencing court from considering a downward departure under United States Sentencing Guideline Section 5K2. Are you saying that our court, in looking at these same documents, somehow is not able to understand that that is the argument that was alleged here? I am not hearing that to clearly represent the argument that the defendant is now raising. The argument the defendant is now raising. We said this came from the motion and addendum. And then our Eclizabe question is, did the court, the district court, adequately address that issue such that it made a ruling that we could review? That's the Eclizabe question. The way I'm understanding the Certificate of Appealability, and to be clear, I don't believe that the Certificate of Appealability ultimately binds this court on the merits, but I'm not trying to quibble with that. What I'm saying is that there are two species of due process arguments at issue. There is the due process issue that the district court addressed on pages 8 and 9 with respect to what McClellan has called a resentencing hearing. There is then a due process argument with respect to the Keene statement at the original sentencing hearing. And my assertion is that that argument as now framed is different from anything that has come before. So we were wrong in the COA? If that's what it's necessary for me to argue, yes. I think that's correct. I don't believe that... Isn't that necessary for you to argue? I just read it to you. We acknowledged the claims. We said he filed claims. This is on his request for a COA. The original motion and addendum raised these nine claims and then laid them out. I don't read anywhere in your brief where you argue that we were just darn wrong regarding reading the original nine claims. This is the first time that I'm hearing that. Can you point me to somewhere in your brief where you've articulated the argument you're making to us right now? I didn't read it in the brief in those terms, but I did read the brief to clearly and fairly argue that the district court ultimately addressed the due process claim that McClellan asserted in his pleadings. And that due process claim was a downward departure and ACCA intersection issue, but it was with respect to the resentencing, as he has called it, the amended judgment. Let's assume somehow you're right and somehow this argument has been raised somewhere along the line. Wouldn't the amendments have related back, because the amendments clearly did bring up this due process claim, and wouldn't that have related back to the same core facts that we're talking about here? That may be right, Your Honor, but my premise is that it's better to say that as a relation back argument, because construing the original document that liberally essentially yields a potential boundless— The problem is, though, the way the district court did this. We don't know what it is, because the district court didn't explicate to us what the rulings were on any of this stuff. And so it's sort of left for us to say, if this then relates back, did it address it? Because if it addressed it, then we know that it treated it as a related back. If it didn't address it, then we know it treated it as untimely, and then we have to see whether that was correct or not. That's just the way the district court set it up. Again, I'm not judging whether that was right or wrong. That's just the framework we have. And so acknowledging whether it did or did not do that does—they're interrelated. You can't just de-aggregate them the way that you'd like us to. Do you understand that? I understand that, Your Honor. What I'm attempting to argue for is irrespective of what this court ultimately does with the district court's decision. It's important to the United States going forward that the court articulate clearly both the party preservation obligation on litigants, including pro se litigants, that set out in Dupree, namely to fairly raise a claim before the district court in the first instance, and also to note that liberal construction of pleadings ultimately has limits. If this court finds that McClellan fairly presented these arguments, and if it finds that under an objective standard of liberal construction that it was unambiguous to the district court, then ultimately the United States will live with that result if that's the result the court gets to. But it's important that that analytical—those analytical steps be set out correctly, because otherwise there is the process where it essentially would reward pro se litigants like McClellan, who set out a cascade of contentions in different pleadings spread out over multi— The problem I have with that is the way I prepared for this maybe was too practical, and that's one of my many faults. But whenever I see in my notes after reading that the government agrees that McClellan's claim that he was not giving an opportunity to defend against an upward departure relates back to the extent McClellan contends his original sentencing because the core facts are the same, I check it off. Whenever I hear the government also concedes that the district court did not consider the argument relating to sentencing disparities and agrees that claims should be remanded, I check that off because I said, if the government concedes and your opponent has convinced you I'm not going to interfere with that unless I'm convinced by my wiser colleagues. But here, all of a sudden I'm getting, well, we're conceding but not really conceding because we want you to lecture other pro se individuals, including people who claim intellectual disabilities, how to do it. And to me, I'm not sure we should do that. We should just—if you make a concession, I think you kind of have to live with it at least at this stage once you get to Fourth Side Street, don't you think, as opposed to in the district court. What do I do with that? That's what I'm not grasping as well as you want me to. What do I do with a—I mean, I'm having problems with a concession, let alone the other claims. What do I do with that? If the court reaches the issues on relation back that McClellan has raised, which certainly reading the bench today, I believe the court is likely to do, then the United States lives with its brief. Then the court has to remand on the two issues. You should live with your brief no matter what, Al-Anas, right? I live with the brief regardless. But I believe that the brief does fairly, if imperfectly, raise these same questions about liberal construction, about presentation of claims that emanate from the Dupree decision. So everybody was imperfect, the pro se plaintiff, the district judge, and the government. Your Honor, I see my time has expired, but— I still—I want to ask a clarifying question, just because I, too, thought we were going in one direction based on the briefs, and you've made a couple of arguments based on due process and what due process arguments Mr. McClellan preserved and what was addressed by the district court. Are you arguing that in docket 169, the district court order, footnote 4, where the district court says, McClellan's sentencing claims are not viable in a 2255 motion, as a defendant has no right to raise guideline sentencing issues in a 2255 proceeding, are you suggesting that that footnote does not cover a due process claim on 5K2? I don't know that it's entirely clear. I think, yes, insofar as Judge Locke was getting at in questions to my friend on the other side, that that's ultimately how sentencing claims are raised, I have also understood them to argue that there is some species of error that goes beyond the guidelines. I don't think that's fairly constructed from these pleadings. I think the pleadings are lodged into the guidelines, and then footnote 4 would cover any guidelines grounded claim. But you understand that the argument that you are making is feeding into a potential CLSBI violation. If we find that he raised a due process violation based on 5K2, and you're suggesting that footnote 4 does not cover the constitutional aspect of that, aren't we in CLSBI land now? I still don't think so as a CLSBI matter because of how the original pleading was structured at Dock 136, page 5. That claim doesn't fairly get to the due process. What I'm saying is if we determine that through the relation back doctrine, he has in fact raised a due process claim dealing with 5K2, and you suggest that footnote 4 is not covering the due process aspect of that, haven't you walked us into a CLSBI violation? Oh, I see what you're saying. Not exactly. I think it's a challenge here because to get to Judge Moreno's question, everyone involved was imperfect. So the order is difficult to construe, and I will admit I am struggling to understand the exact species of due process claim that McClellan presently is lodging because there is a strict guidelines claim, and the guidelines and the consideration of the guidelines and the consideration of departures is bound up in due process, but I am also hearing them to try to avoid footnote 4 to raise a separate species of due process claim. So why aren't we going to do what Judge Luck suggested earlier, which is if we find that we need to send it back to deal with some of the claims because of relation back, why wouldn't we ask the district court to clarify whether to address a due process claim, to clarify whether we have a CLSBI issue or not? Given the nature of the court's questions, I can understand why that might be a reasonable result in this case if that's ultimately the analysis that the court follows, as long as the court's analysis of the legal standards remains clear in terms of how a litigant, including a pro se one, must allege those claims. Thank you all for your time this morning. Appreciate it. Thank you, Mr. Gray. And Ms. Hodge, you have three minutes. Thank you, Your Honor. Let me just address two points. First, the relation back waiver. We don't understand the government to take any position on whether Mr. McClellan raised these arguments below or not. They say to the extent he didn't discuss relation back, you should consider it waived. Your Honor, regardless of what he did, that issue is part of this appeal. The district court considered relation back or at least purported to, and this court has specifically asked whether the district court did that analysis correctly. And it would be required to as a matter of law. In other words, once you file a motion to amend, by its nature, the court is required to do a relation back analysis, correct? Yes, Your Honor. And the district court purported to do that here. This court has asked about it. So that issue is properly part of this appeal. The only way to amend is through Rule 15. There's no other mechanism to do it, right? Right. Yes. So this issue is properly part of this appeal. And before this court, and this court should consider relation back, and the concessions the government, I think, is still conceding here. To talk about the due process claim briefly, I just want to explain what the claim is. He states it most clearly in Document 166. He says, my right to due process was violated many times besides the violation of not having me present at resentencing. I understand the court said it would still give me 15 years, but it has to properly calculate the guidelines and consider downward departure. So that's— This docket entry Rule 16 comes very late in the game. Your Honor, but you can get there through relation back. In Doc 136, this court itself considered that—or viewed McAleenan as raising a constitutional claim with respect to downward departure. The best argument I think you have is that we in the COA clearly read it, the addendum in the motion to address an unconstitutionality for the court not considering the substantial departure because of its consideration of the ACCA. That to me is the best articulation that we could possibly give for the mess that this is. Yes, Your Honor. So I think the government agrees that there is a constitutional claim here. They're only disputing whether it was about the resentencing or the original sentencing. And in his later filings, he makes clear that he's not just complaining about the resentencing. He's complaining about that, too, and the district court addresses that. He's also complaining about the original sentencing. And giving his filings a liberal construction, if there's any doubt, then this court should view it as being about both original and resentencing and remand to the district court. And I just want to step back for a second. Your Honors, many times now we've heard the district court didn't explicate any rulings to us on any of the stuff. Judge Luck, I heard you say that. My friend said the opinion is difficult to construe. We think this court would be well within its discretion to remand this to the district and to consider whether there has been a due process claim here as well. Thank you. Ms. Hodge, I see that you are court appointed. Thank you for taking on the appointment. Thank you both. We have your case under advisement. I'm going to give the second case time to set up, but I'm going to go ahead and call it. United States of America, Clarissa Zapp.